UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


KEVIN SPENCER,

v.   Case No. 3:06-cr-349-J-33MCR
     3:08-cv-914-J-33MCR

UNITED STATES OF AMERICA.

_____

**O R D E R**

This cause is before the Court on Defendant Kevin Spencer's timely-filed 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-56); his supplement to the motion to vacate (Doc. cv-14); and his notice of supplemental authority. (Doc. cv-16). Spencer claims that his sentencing range of imprisonment was erroneously enhanced by his classification as a career offender based on a prior conviction for felony child abuse to which he pled guilty in state court.

A review of the record demonstrates that, for the following reasons, the motion to vacate must be **denied.**

**PROCEDURAL HISTORY**

On October 25, 2006, Spencer was named in a one count Indictment charging him with distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).(Doc. cr-1). On March 28, 2007, Spencer entered a plea of guilty to the Indictment, without the benefit of a written plea agreement. (See Doc. cr-33). On August 16, 2007, Spencer was sentenced to 151 months imprisonment. (Doc. cr-44). On August 31,

2007, Spencer filed a timely notice of appeal. (Doc. cr-45). On April 1, 2008, the United States Court of Appeals for the Eleventh Circuit issued its unpublished *per curiam* opinion that is a part of the District Court record. (Doc. cr-55). On September 18, 2008, Spencer filed his 28 U.S.C. §2255 motion to vacate raising three grounds for relief:

Ground One

Petitioner Spencer Is Actually Innocent of USSG § 4B1.1 Attribution, where his 2004 Felony Child Abuse Conviction Does not Meet the Elements of Being Considered a Crime of Violence; and Sentencing Counsel Was Ineffective for Failing To Adequately Investigate this Fact.

Ground Two

Petitioner Spencer's Sentence of 151 Months Violates the Sixth Amendment of the U.S. Constitution, Wherein the Sentencing Court Relied Upon the USSG 100:1 Crack Cocaine/Powder Cocaine Ratio Mandatorily.

Ground Three

Petitioner Spencer Was Denied his Sixth Amendment Right to the Effective Assistance of Counsel During the Underlying Plea Proceedings, Where Counsel Wrongly Advised Spencer that He Would Not Be Sentenced as a Career Offender if he Pleaded Guilty to the Indictment at Bar Subjudice.

**Standard for Ineffective Assistance of Counsel**

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To prevail on a claim of ineffective assistance of counsel, a defendant must meet the "cause" and "prejudice" requirements established by *Strickland v. Washington*, 466 U.S. 668 (1984). That is, Mendoza must show (1) that his counsel's representation was deficient, and (2) that this deficient representation prejudiced Mendoza. *Strickland v. Washington*, 466 U.S. at 687; see also *Baxter v. Thomas*, 45 F.3d 1501, 1512 (11th Cir. 1995). A court need not address both components of the inquiry if Mendoza makes an insufficient showing on one component. *Id.; see also Weeks*

2

*v. Jones*, 26 F.3d at 1037.

In determining whether the first portion of the test has been met, the proper standard is "reasonably effective assistance[,]" or "whether counsel's representation fell below an objective standard of reasonableness." *Weeks v. Jones*, 26 F.3d 1030, 1036 (11th Cir. 1994). Application of this standard requires that judicial scrutiny of counsel's performance be highly deferential; a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

Even if the Court were to find some deficiency in the performance of counsel, a defendant is not entitled to relief on ineffective assistance grounds unless the second prong of the *Strickland* test is met. *United States v. Hilliard*, 752 F.2d 578, 580 (11th Cir. 1985). Under the second prong, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* When a defendant fails to make a sufficient showing of prejudice, this Court need not even address the adequacy of counsel's performance. *Strickland,* 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

Finally, every effort must be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Weeks v. Jones*, 26 F.3d at 1036; *Diaz v. United States*, 930 F.2d 832 (11th Cir. 1991). A court must examine the "totality of the circumstances" in determining whether the counsel a defendant received was constitutionally sufficient and effective. *McCoy v. Newsome*, 953 F.2d 1252, 1263 (11th Cir.

1992).

## DISCUSSION

### Specific Claims of Ineffective Assistance of Counsel

<u>1. Career Offender Enhancement.</u>

Spencer claims that his sentencing range of imprisonment was erroneously enhanced by his classification as a career offender. He complains that counsel failed to argue certain facts underlying his prior conviction for felony child abuse, to which he entered a plea of guilty in state court as the lesser included offense of the original charge of lewd and lascivious assault on a child over 12 and under 16 years old. *See* Presentence Investigation Report (PSR) at ¶ ¶ 25 and 32. Spencer argues that if counsel had taken Spencer's advice and investigated the details surrounding this offense and argued those details to the sentencing court, he would not have been sentenced as a career offender.

Specifically, he claims that the fourteen-year-old girl that he assaulted actually initiated the intimate conduct and consented to sexual intercourse. Spencer asserts that counsel's representation was constitutionally deficient for failing to bring these facts forward for the Court's consideration, and states that counsel told him that such an argument would be "irrelevant." (Doc. cv-1, [Spencer's motion to vacate] at unnumbered page 5).

First, and fatal to Spencer's claim, is the fact that the Court recognized at the sentencing hearing that a fourteen-year-old child "can't consent to having sexual relations with somebody who is an adult, with somebody who is 18 years old." (Doc. cr-49 at 13). Therefore, counsel was correct in advising Spencer that the victim's consent and initiation of the sexual contact would be irrelevant. There would have been no difference in the outcome of the case if counsel had called the child to testify as to her consent, as consent

had no bearing on the prior state conviction.[1]

Second, the record negates Spencer's claim that counsel did not attempt to minimize his conduct and relationship with the victim of his prior conviction. After formally submitting his written objections, counsel specifically addressed the issue of Spencer's conduct at the sentencing hearing:

> Judge, briefly, the case law does say that we must proceed under the assumption that his conduct constituted the least culpable act satisfying the count of conviction. And frankly, under Florida law, if you yell at a child, you can cause that child mental injury. And that is not a crime of violence under the federal case law or the federal guidelines. And whenever you have a statute that can be proven in two separate ways, the case law tells us in that *Armstead* case, if it can be proven in two different ways, you then have to go to the charging documents or something else in that prior case, such as the plea colloquy. So we went to the plea colloquy, and the prosecutor said that he engaged in sexual activity. **And what is the least culpable thing you can do when engaging in sexual activity, I suppose, is maybe kissing or touching, I don't know**. But if you're approaching it the way the case law tells you to, and you look at it from the least culpable act, this is not a crime of violence.

(Doc. cr-49 at 13) (emphasis added).

The record reflects that counsel did attempt to factually distinguish the state conviction at sentencing in an effort to convince the Court that the underlying offense did not qualify as a crime of violence for the purposes of career offender enhancement. Spencer also made a statement at the sentencing hearing and did not include an allegation concerning consent or any other factual issues surrounding this particular conviction. (Doc. cr-49 at 19).

Finally, on direct appeal, counsel specifically argued that felony child abuse is not

---

[1] For this reason, the affidavit submitted by the victim, Olivia Fosmire, who is apparently now 18 years of age, is of no consequence, and has no more effect in this proceeding that it would have had if tendered at the time of sentencing. (See Affidavit of Olivia Fosmire at Doc. cv-14)

5

"necessarily a crime of violence under the career offender guideline provisions." (Attachment to Doc. cv-12 at 8). In support of this argument, counsel noted that "there was no charging document in the state case describing Mr. Spencer's actual conduct giving rise to the charge[,]" (id. at 10-11), and that the only description of Spencer's conduct involved "'[s]exual activity' [which] could be as benign as kissing[.]" (Id. at 12).

It appears from Spencer allegations in the present motion to vacate, that he would have preferred counsel to have had conceded that Spencer's conduct underlying his predicate conviction involved allegedly consensual sexual intercourse with a person who was legally too young to consent. Instead of doing so, counsel chose a preferable strategy;, that is, to avoid highlighting this conduct and concentrate on the vagueness of the factual predicate supporting the state conviction.

Spencer's claim that counsel failed to make this argument is belied by the record. His presumption that counsel failed to *adequately* argue this issue is not credible in light of the alternative argument Spencer states he would have preferred. Spencer was properly classified as a career offender, despite counsel's arguments to the contrary. Because the record supports counsel's strategy, and clearly reflects that Spencer's preferred argument would have failed, he can show no cause or prejudice and this claim does not merit relief.

## 2. *Booker* Argument.

Spencer faults counsel for failing to object to the Court's allegedly mandatory application of the sentencing guidelines, in violation of *United States v. Booker*, 543 U.S. 220 (2005). He claims that *Booker* was decided well in advance of his sentencing, and counsel should have known to make this objection. However, nothing in the record indicates that the Court felt in any way constrained to apply the guidelines as mandatory. Addressing

Spencer's career offender status, the Court stated:

> Mr. Spencer, had you not had that career - - career offender enhancement, instead of looking at a level 32, you'd have been looking at a level 23. It's, in essence, half the sentence, in essence.
>
> So you're paying a big price today for your record. What happens under the sentencing guidelines when you commit some of the crimes that you have committed, the sentencing guidelines come down hard on people, and they come down hard on people for a reason. So you want to discourage that type of activity. But I understand that you're facing a very stiff penalty today and I'm very cognizant of that and will factor in all of these items in terms of coming up with an appropriate sentence.

(Doc. cr-49 at 20).

In his argument, Spencer overlooks the fact that his sentence was not determined based on drug amount, but rather was driven by his career offender status. The career offender status determined his base offense level, and therefore, *Booker* and its progeny have no application to this case. *Booker* and the cases that follow specifically uphold enhanced penalties based on prior convictions. *United States v. Booker*, 543 U.S. at 245; *Blakely v. Washington*, 542 U.S. 296, 313 (2004) (specifically defending judicially imposed enhancements based upon prior convictions); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that any fact *other than a prior conviction* that results in increased penalties must be proven to a jury beyond a reasonable doubt). As discussed in the previous section, Spencer was properly classified as a career offender. His argument that the Court was constrained by the guidelines is inapplicable in his case, and therefore, counsel was not ineffective for failing to raise it. This claim does not merit relief.

### 3. Alleged Unknowing and Involuntary Plea.

Finally, Spencer claims that counsel provided erroneous information that induced his plea of guilty. Specifically, Spencer asserts counsel advised him that based upon

7

conversations with the United States Probation Officer, Spencer would not be sentenced as a career offender.

On June 29, 2007, counsel filed a Motion To Continue the Sentencing Hearing, based upon previous conversations he had with the United States Probation Office, and counsel alerted the Court to the fact that there was an apparent misunderstanding as to whether Spencer was to be classified as a career offender. (Doc. cr-40). However, post-plea discussions with the Probation Office have no bearing on the knowing and voluntary nature of Spencer's plea. The plea colloquy clearly demonstrates Spencer acknowledged that he had discussed the sentencing guidelines with his attorney, and that he understood that the guidelines were advisory. (Doc. cr-57 at 9). He was advised that the sentence imposed might differ from any sentence estimated by counsel (id. at 10), and that he was facing up to a maximum of twenty years imprisonment. (Id. at 11). Spencer stated to the Court that his plea was freely and voluntarily made and was not the product of any threat, coercion, promise or assurance, (id. at 15), and counsel likewise assured the Court. (Id. at 16). Spencer answered affirmatively when the Court asked him if he was satisfied with counsel's representation, and negatively when the Court asked if he had any complaints. (Id). In summation, the Court concluded:

THE COURT: All right. Mr. Spencer, I find that you are now alert and intelligent and you understand the nature of the charge against you, the possible penalties, and you appreciate the consequences of pleading guilty.

I also find the facts that the government is prepared to prove, and by which your plea of guilty you admit, state all of the essential elements of the offense to which you have pleaded guilty.

> I further find your decision to plead guilty is made freely, voluntarily, knowingly, and intelligently made, and that you've had the advice of counsel, and of a competent attorney with whom you say you're satisfied. Do you agree with these facts, sir?

SPENCER: Yes, sir.

(Doc. cr-57 at 17-18).

After he pled guilty, counsel filed a motion to continue Spencer's sentencing hearing, citing Spencer's and his understanding that the United States Probation Office believed Spencer would not be sentenced as a career offender. (Doc. cr-40). However, according to Spencer's own sworn statements at his change of plea hearing, this belief - akin to an "estimate" of the sentence - had no bearing on his decision to plead guilty.

At sentencing, after the Court discussed Spencer's prior criminal history, Spencer himself did not address a misunderstanding or failure of the Probation Office to honor any previous agreement that Spencer was not a career offender. Instead, when given the chance to mitigate on his own behalf, Spencer apologized for his criminal conduct, and stated "I really don't feel like I deserve this much time." (Doc. cr-49 at 19). Spencer did not insist on leniency because of any post-plea estimations of his sentence by the Probation Office. Therefore, the record negates Spencer's claim that his plea was unknowing and involuntary, and this claim does not merit relief.

## SUPPLEMENTAL AUTHORITY

Spencer submitted a Ninth Circuit case, *United States v. Christensen,* 559 F.3d 1092 (9th Cir. 2009) in support of his claim that his sentencing range of imprisonment was erroneously enhanced by his classification as a career offender based on a prior conviction

for felony child abuse to which he pled guilty in state court. (*See* Doc. cv-16). *Christensen* holds that, under Washington law,

> Because the Court in *Begay* used the conjunction "and," all three of its criteria-"purposeful, violent, and aggressive"-must be satisfied. We do not decide whether statutory rape is necessarily "purposeful" as the Court used that word in *Begay*. But because statutory rape may involve consensual sexual intercourse, *Heming*, 90 P.3d at 63, it does not necessarily involve either "violent" or "aggressive" conduct. We therefore conclude that a conviction for statutory rape in violation of Washington Revised Code § 9A.44.079 does not qualify under the categorical approach as a violent felony under the ACCA.

559 F.3d at 1095.

Spencer's reliance on *Christensen* is missplaced. First, a Ninth Circuit case is not binding on this Court. Second, the Eleventh Circuit found, in affirming Spencer's conviction and sentence, that Spencer's predicate conviction for felony child abuse involved a potential risk of physical injury to another, and agreed that this Court's classification of that predicate offense as a crime of violence under § 4B1.2(a) and the application of the career offender enhancement to Spencer under § 4B1.1(a) was correct. (Doc. cr-55); *United States v. Spencer*, 271 Fed. Appx. 977 at **3 (11th Cir., Apr. 1, 2008).

Accordingly, the Court orders:

That Spencer's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-56) is denied. The Clerk is directed to enter judgment against Spencer in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal

a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

    ORDERED at Tampa, Florida, on January 7, 2010.

                                                            VIRGINIA M. HERNANDEZ COVINGTON
                                                              UNITED STATES DISTRICT JUDGE

AUSA: Julie Hackenberry Savell
Kevin Spencer